# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JIMMY NEU,
     Plaintiff,

    vs

ADAMS COUNTY
JAIL, et al.,
     Defendants.

Case No. 1:12-cv-185

Weber, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Plaintiff brings this action against the Adams County Jail and Adams County Sheriff's Department.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis*.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or

law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff is an inmate at the Belmont Correctional Institution and former inmate at the Adams County Jail. The complaint alleges plaintiff was incarcerated at the Adams County Jail from July 17, 2009 until August 9, 2011. (Complaint, p. 3). Plaintiff indicates that during this time, he was required to sleep on the floor, "with nothing but a thin plastic mat for protection from the cold and pressure points." *Id.* Due in part to overcrowding, plaintiff alleges that up to ten inmates would be housed in a four person cell at times, leaving six people sleeping head to toe on the floor. *Id.* Plaintiff alleges that while situated on the floor, a cell mate stepped on his back causing tremendous and persistent pain. *Id.* He further alleges that he was denied adequate medical treatment, noting that "the emergency squad was called and they wanted to transport the plaintiff to the emergency ward but the jail[']s medical officer refused and told the other officers present to 'give him some ibuprofen.'" *Id.*

Plaintiff claims that he was also denied medical assistance with regard to his need for prescription glasses and mental health medication throughout his incarceration. *Id.* As to his

3

claim pertaining to medication, plaintiff notes that he had been taking medication for mental health problems for a number of years prior to being incarcerated and that he suffered extremely unpleasant withdrawal symptoms as a result of being denied medication. *Id.* at 4. Plaintiff claims that his mental health issues were compounded due to the loss of his mother during this time and that he was nonetheless denied adequate care. *Id.*

Finally, plaintiff claims that the conditions of the Adams County Jail were inadequate. He alleges that the cells have inadequate ventilation, especially considering the number of occupants in each cell, and that leaking sewage pipes caused "a strange mold" to grow on the walls and also led the ceiling to collapse and fall on cell occupants. *Id.* Plaintiff also indicates that during the two years he was incarcerated at the jail, he was not permitted to go outside due to Adams County Jail not having an outside recreational facility. *Id.*

In the relief section of the complaint, plaintiff seeks monetary compensation for physical injury and mental suffering resulting from his incarceration. *Id.* at 5. In addition he seeks policy changes at Adams County Jail to prevent further occurrences. *Id.*

Plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. A county jail or county sheriff's office is not a "person" within the meaning of § 1983. *See, e.g., Marbry v. Corr. Med. Services*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cnty. Justice Ctr.*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), adopted, 2012 WL 529585 (S.D. Ohio February 17, 2012) (Barrett, J.); *Mischer v. Cuyahoga Cnty. Jail*, No. 1:11-cv-1201, 2011 WL 4529331, at *2 (N.D. Ohio Sept. 28, 2011). *See also Rhodes v. McDannel*,

4

945 F.2d 117, 120 (6th Cir. 1991) (holding that the Sheriff's Department "is not a legal entity subject to suit" under § 1983).

The claims against these defendants are in reality official capacity claims against Adams County, the entity of which defendants are agents. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). *See also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's complaint fails to state a claim for relief under § 1983 against Adams County because municipalities and counties are not vicariously liable for the actions of their employees under § 1983. "It is firmly established that a municipality, or as in this case a county, cannot be held liable under § 1983 for an injury inflicted solely by its employees or agents." *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell*, 436 U.S. at 694). To state a claim for relief against Adams County for his alleged injuries, plaintiff must allege that "those injuries were the result of an unconstitutional policy or custom of the County." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). *See Monell*, 436 U.S. at 694; *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). *See also Polk County v. Dodson*, 454 U.S. 312 (1981) (municipal policy must be the "moving force" behind constitutional deprivation). "The 'official policy' requirement [of *Monell*] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479 (1986) (emphasis in original). Municipalities and other governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

5

Plaintiff's complaint fails to allege any facts showing that jail employees or officials acted pursuant to a particular policy or custom of Adams County in allegedly violating his civil rights. Plaintiff does seek relief in the form of policy changes at Adams County Jail (*see* Complaint, p. 5); however, he fails to identify or allege that the alleged inadequate medical care or prison conditions were the result of a county policy that would subject Adams County to suit under § 1983. *See Graham ex. rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) ("A plaintiff asserting a section 1983 claim on the basis of a municipal custom or policy must 'identify the policy, connect the policy to the [County] itself and show that the particular injury was incurred because of the execution of that policy.'") (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). Therefore, plaintiff's complaint fails to state a claim upon which relief may be granted against defendant Adams County Jail or Adams County Sheriff's Department. Accordingly, plaintiff's complaint should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** on the ground that the complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: __3/15/2012__

Karen L. Litkovitz
United States Magistrate Judge

6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JIMMY NEU,                                          Case No. 1:12-cv-185
      Plaintiff,

                                    Weber, J.
  vs                                            Litkovitz, M.J.


ADAMS COUNTY
JAIL, et al.,
      Defendants.


### NOTICE

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections

to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served

with a copy thereof. That period may be extended further by the Court on timely motion by

either side for an extension of time. All objections shall specify the portion(s) of the R&R

objected to, and shall be accompanied by a memorandum of law in support of the objections. A

party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served

with a copy of those objections. Failure to make objections in accordance with this procedure

may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,*

638 F.2d 947 (6th Cir. 1981).

7

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

1. Article Addressed to:

Jimmy Neu #612-136
Belmont Corr. Institution
PO Box 540
St. Clairsville, OH 43950

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*    ☐ Yes

2. Article Number
   (*Transfer from service label*)

7003 2260 0002 6723 4620

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540