# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JIMMY NEU,
    Plaintiff,

vs

ADAMS COUNTY
JAIL, et al.,
    Defendants.

Case No. 1:12-cv-185

Weber, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

On March 14, 2012, plaintiff filed a complaint against defendants Adams County Jail and Adams County Sheriff's Department, alleging constitutional violations pertaining to the jail conditions and medical care at Adams County Jail. (Doc. 3). The undersigned issued a Report and Recommendation on March 15, 2012, recommending that plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted. (Doc. 5). Specifically, plaintiff's complaint failed to state an actionable claim against the named defendants because plaintiff failed "to allege any facts showing that the jail employees or officials acted pursuant to a particular policy or custom of Adams County in allegedly violating his civil rights." (Doc. 5, p. 6).

On April 5, 2012, plaintiff filed a motion to amend his complaint, naming eleven additional defendants. (Doc. 8). On May 29, 2012, the undersigned recommended that the motion to amend be denied, finding that the "motion to amend fails to allege any facts demonstrating how the additional defendants played any part in the conditions complained of in the original complaint" and that the amended complaint did not otherwise cure the deficiencies set forth in the March 15, 2012 Report and Recommendation. (Doc. 15).

This matter is now before the Court on plaintiff's motion for leave to amend his complaint and "motion to strike or dismiss without prejudice," which the Court construes as a motion for

voluntary dismissal under Federal Rule of Civil Procedure 41. (Docs. 20, 22). After review of both motions, the undersigned recommends that plaintiff's motion to amend be denied and his motion for voluntary dismissal be granted.

Plaintiff's motion to amend should be denied because "[u]nder § 1915(e)(2), a court is required to dismiss a case when the action satisfies § 1915(e)(2)(A) or § 1915(e)(2)(B). *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Sixth Circuit has held that "[u]nder the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint." *Id. See also, Garrett v. Belmont County Sheriff's Dept.*, 374 F. App'x 612, 614 (6th Cir. 2010). For the reasons stated in the Court's March 15, 2012 and May 29, 2012 Report and Recommendations, plaintiff's complaint is subject to dismissal under § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. (Docs. 5, 15). Accordingly, the Court should deny plaintiff's motion for leave to amend.

In plaintiff's motion for voluntary dismissal, plaintiff notes that he "was the victim of improper advice, and not being a trained attorney, nor well versed in the law did not realize that he was not filing his complaint properly." *Id.* Plaintiff avers that he has a legitimate, non-frivolous cause of action and that he will be able to demonstrate a colorable claim if permitted to dismiss the current action without prejudice for the purpose of refiling. *Id.*

Federal Rule of Civil Procedure 41(a) governs voluntary dismissals. Under Rule 41(a)(1)(A), a plaintiff may dismiss an action without a court order either by filing a notice of dismissal before the opposing party serves an answer or by filing a stipulation of dismissal signed by all parties. Where 41(a)(1) does not apply, as here, an action may only be dismissed by court

2

order. Fed. R. Civ. P. 41(a)(2). The decision to grant a dismissal under Rule 41(a)(2) is within the discretion of the court. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Ikospentakis v. Thalassic S.S. Agency*, 915 F.2d 176, 177 (5th Cir. 1990)). The Sixth Circuit has generally found an abuse of discretion "only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). The Court should consider the following factors in determining whether a defendant will suffer plain legal prejudice: the effort and expense of defendant's trial preparation, excessive delay and lack of diligence in plaintiff's prosecution of the action, insufficient explanation of the need for a dismissal, and whether a motion for summary judgment has been filed by the defendant. *Id.* (*citing Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)).

After consideration of the above factors, the undersigned is convinced that defendants would not suffer plain legal prejudice if plaintiff's motion is granted. First, this lawsuit is in the early stages of litigation and, as such, defendants' effort and expense in defending the action have been minimal. To date, defendants have filed a motion for an extension of time and answers to plaintiff's complaint and proposed amended complaint. (Docs. 11, 14, 24). Defendants have not filed a motion in opposition to plaintiff's motion for voluntary dismissal or a motion for summary judgment. Accordingly, the Court finds the first and fourth factor weigh in plaintiff's favor. The second factor also suggests that plaintiff's motion should be granted. Approximately four months passed in between petitioner's initiation of this action and his motion to voluntarily dismiss. The

3

undersigned does not find this time period to be excessive and the docket does not indicate that plaintiff failed to diligently prosecute this lawsuit. As to the need for the dismissal under the third factor, plaintiff notes that he was misinformed of the proper way to file his complaint. Although the Court is not strongly persuaded by plaintiff's explanation, the balance of the factors leave the undersigned convinced that defendants would not suffer plain legal prejudice if plaintiff's motion is granted.

However, in this case the Court must also consider whether permitting plaintiff to dismiss his action at this stage is consistent with the Prisoner Litigation Reform Act's screening requirement and three-strikes provision. It does not appear that the Sixth Circuit has considered the impact of the PLRA on a prisoner's ability to voluntarily dismiss under Rule 41. However, a number of district courts considering the issue have found that permitting a plaintiff to dismiss a frivolous complaint after screening would frustrate Congress's purpose of deterring frivolous prisoner litigation and circumvent § 1915(g)'s three-strikes provision. *See, e.g., Grindling v. Hawaii*, Civ. No. 09-00536 JMS/BMK, 2009 WL 4857399, at *1 (D. Hawaii Dec. 16, 2009) (collecting cases and noting that "[a]llowing Plaintiff to dismiss his action after the court screened his complaint would frustrate Congress's aim of deterring exactly this type of frivolous prisoner litigation"); *Sumner v. Tucker*, 9 F. Supp.2d 641, 644 (E.D. Va. 1998) ("It would frustrate the purpose of Section 1915(g) if an inmate was allowed to exploit this system by filing a meritless action and waiting until after it was reviewed to move for its dismissal."). In reaching these decisions, however, the district courts have largely been presented with cases in which the plaintiff sought to dismiss a frivolous complaint simply to avoid a strike under § 1915(g). *See, e.g., Grindling*, 2009 WL 4857399, at *1 (plaintiff's effort to voluntarily dismiss a frivolous and premature action prior to dismissal found to be "gamesmanship" that would circumvent §

4

1915(g)'s three-strikes provision); *Hines v. Graham*, 320 F. Supp.2d 511, 528 (N.D. Texas 2004) (finding that the plaintiff sought dismissal to avoid his third strike where plaintiff acknowledged that he could not prove a set of facts to support his claims); *Sumner*, 9 F. Supp.2d at 643-44 (noting that the plaintiff did not file objections to a Report and Recommendation recommending dismissal or move to amend his complaint, before denying plaintiff's motion to voluntarily dismiss). *See also Bloodworth v. Timmerman-Cooper*, 2:10-cv-926, 2011 WL 1740031, at *3-4 (S.D. Ohio May 5, 2011) ("The Court agrees that, generally speaking a plaintiff should not be allowed to dismiss a case before an adverse Report and Recommendation is adopted just to avoid a strike.").

In this case, it does not appear that plaintiff is engaged in any form of gamesmanship or is otherwise motivated to voluntarily dismiss his complaint in order to avoid a strike under § 1915(g). Plaintiff has not filed any prior lawsuits as a prisoner and avers that he will be able to present a non-frivolous, colorable claim if permitted to voluntarily dismiss the instant action and refile a subsequent complaint. Under these circumstances, granting plaintiff's motion will neither result in plain legal prejudice to defendants nor permit plaintiff to impermissibly circumvent the PLRA's three-strikes provision. Therefore, out of an abundance of caution, the undersigned recommends that plaintiff's motion be granted and plaintiff be permitted to voluntarily dismiss this action without prejudice.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion to voluntarily dismiss (Doc. 22) be **GRANTED** and that his motion for leave to amend his complaint (Doc. 22) be **DENIED**.

Date: 9/6/2012

Karen L. Litkovitz
United States Magistrate Judge

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JIMMY NEU,
    Plaintiff,

vs

ADAMS COUNTY
JAIL, et al.,
    Defendants.

Case No. 1:12-cv-185

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Jimmy Nev # 612-136<br>Belmont Corr. Inst.<br>PO Box 540<br>St. Clairville, OH 43950 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 9258 |

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540